# MINUTE ORDER

CASE NUMBER:      CRIMINAL NO. 10-00384-6 LEK

CASE NAME:        USA vs. Wesley Mark Sudbury

JUDGE:   Leslie E. Kobayashi         DATE:        12/19/2019

COURT ACTION: EO: COURT ORDER REGARDING THE RELIGIOUS FREEDOM RESTORATION ACT AFFIRMATIVE DEFENSE

On April 1, 2013, Defendants Roger Cusick Christie and Sherryanne L. Christie, formerly known as Sherryanne L. St. Cyr (collectively "the Christies"), filed a joint Motion in Limine to Present Religious Freedom Restoration Act Defense ("RFRA Motion"). [Dkt. no. 587.] An evidentiary hearing on the RFRA Motion was held on August 27, 2013. [Minutes, filed 8/27/13 (dkt. no. 686).] On December 30, 2013, two orders were issued addressing the RFRA Motion. [Dkt. nos. 810 ("Preliminary RFRA Order"), 811 ("Final RFRA Order").]

In the Preliminary RFRA Order, this Court found that the Christies established a prima face case under RFRA, and therefore the burden of persuasion shifted to Plaintiff United States of America ("the Government") to prove that: it had a compelling interest in applying the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq.*, to the Christies; and that its restriction on the Christies' exercise of their religion was the least restrictive means to further that interest. [Preliminary RFRA Order at 9, 16.] In the Final RFRA Order, this Court found that the Government established both a compelling interest and that the prosecution of the Christies in the instant case was the least restrictive means necessary to further that interest. The Christies' RFRA Motion was therefore denied, and the Christies were not permitted to present a RFRA defense at trial. [Final RFRA Order at 28.] The Christies entered conditional guilty pleas, reserving the right to appeal certain rulings, including the rulings on the RFRA Motion. See, e.g., Mem. of Plea Agreement [Roger Cusick Christie], filed 9/27/13 (dkt. no. 742), at ¶ 5F(4). The Ninth Circuit affirmed the judgments against the Christies, expressly rejecting the Christies' RFRA defense. United States v. Christie, 825 F.3d 1048, 1064, 1069 (9th Cir. 2016).

The rulings that the Government has a compelling interest in enforcing the CSA and that the prosecution in this case is the least restrictive means necessary to further that compelling interest are the law of the case. See United States v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012) (some citations omitted) (citing In re Rainbow Magazine, Inc., 77 F.3d 278, 281 (9th Cir. 1996) ("[T]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case[.]")). Thus, it is not necessary to determine whether Defendant Wesley Mark Sudbury ("Sudbury") can establish a prima facie case under RFRA because, even if he could do so, the compelling interest and least

restrictive means rulings regarding the Christies' RFRA Motion also apply to Sudbury because they are the law of the case. Sudbury therefore will not be permitted to present a RFRA defense at trial, for the reasons set forth in the Preliminary RFRA Order, the Final RFRA Order, and the Ninth Circuit's opinion in the Christies' appeal.

    IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager