UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>WESLEY MARK SUDBURY,<br><br>            Defendant. | CR. NO. 10-00384(06) LEK |

**ORDER DENYING DEFENDANT'S MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF
DEFENDANT'S APPEAL OR IN THE ALTERNATIVE DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Before the Court is Defendant Wesley Mark Sudbury's ("Sudbury") Motion to Stay District Court Proceedings Pending Resolution of Defendant's Appeal or in the Alternative Defendant's Motion to Continue Trial Date and Exclude Time Under the Speedy Trial Act, filed on August 2, 2022 ("Motion"). [Dkt. no. 1400.] The Court finds that neither a response to the Motion nor a hearing on the Motion is necessary. Sudbury's Motion is hereby denied for the reasons set forth below.

**BACKGROUND**

Sudbury and others were originally indicted on June 24, 2010. [Indictment, filed under seal (dkt. 1) (unsealed on 7/8/10).] Sudbury was arraigned on July 9, 2010 and entered a plea of not guilty. [Minutes, filed 7/9/10 (dkt. no. 27), at

PageID #: 149.]  A detention hearing was held on July 12, 2010, and Sudbury was ordered released on an unsecured bond of $25,000.  [Minutes, filed 7/12/10 (dkt. no. 92), at PageID #: 238.]  However, a bench warrant was subsequently issued for Sudbury's arrest.  [Warrant for Arrest of Defendant, filed under seal 8/31/10 (dkt. no. 166) (unsealed on 9/17/10) ("Bench Warrant").]

     A First Superseding Indictment was filed on January 17, 2013 ("Superseding Indictment").  [Dkt. no. 509.] Sudbury's jury trial was scheduled to begin on October 8, 2013, but he failed to appear.  His whereabouts were unknown, and the Bench Warrant was still outstanding.  See Order Regarding Continuation of Defendant Sudbury's Trial Date Due to Defendant Sudbury's Absence, filed 10/11/13 (dkt. no. 761).  His "trial date [wa]s continued indefinitely until such time as he [wa]s apprehended, arrested, and brought before a Court of proper jurisdiction to enable the . . . case to proceed[.]"  [Id. at 2.]

     The Bench Warrant was returned as executed in April 2016.  See Return, filed 4/22/16 (dkt. no. 1053) (dated 4/2/16); Return, filed 4/26/16 (dkt. no. 1055) (dated 4/6/16).  Sudbury was arraigned on May 11, 2016, and he pled not guilty to the charges in the Superseding Indictment.  His pretrial release was revoked, and he was ordered detained.  [Minutes - EP: A&P as to

the First Superseding Indictment; Order to Show Cause as to Why
Pretrial Release Should Not Be Revoked, filed 5/11/16 (dkt.
no. 1058).]  His trial date was set for October 12, 2016.  [Id.
at PageID #: 7366.]

The trial date was continued numerous times.  See
First Stipulation and Order Continuing Trial Date and Excluding
Time Under the Speedy Trial Act, filed 9/8/16 (dkt. no. 1074)
(to 1/24/17); Second Stipulation and Order Continuing Trial Date
and Excluding Time Under the Speedy Trial Act, filed 12/23/16
(dkt. no. 1092) (to 4/25/17); Third Stipulation and Order
Continuing Trial Date and Excluding Time Under the Speedy Trial
Act, filed 3/14/17 (dkt. no. 1100) (to 9/12/17); Fourth
Stipulation and Order Continuing Trial Date and Excluding Time
Under the Speedy Trial Act, filed 8/9/17 (dkt. no. 1153) (to
12/12/17).  After the continuance to December 12, 2017, the
parties were informed that no further continuances would be
granted.  See Minutes - EO, filed 8/10/17 (dkt. no. 1154).

Subsequent continuances were granted as a result of
changes in Sudbury's counsel.  See Order Granting Motion to
Withdraw as Counsel and Appoint Substitute Counsel, filed
11/7/17 (dkt. no. 1169); Minutes - EP: Status Conference Re:
Newly Appointed Counsel, filed 11/16/17 (dkt. no. 1178)
(continuing the trial date to 7/10/18); Order Granting Motion to
Withdraw as Counsel, filed 5/11/18 (dkt. no. 1185); Fifth

3

Stipulation and Order Continuing Trial Date and Excluding Time Under the Speedy Trial Act, filed 6/12/18 (dkt. no. 1188) (to 10/23/18).

Additional continuances followed. See Sixth Stipulation and Order Continuing Trial Date and Excluding Time Under the Speedy Trial Act, filed 9/25/18 (dkt. no. 1198) (to 2/11/19); Seventh Stipulation Continuing Trial Date and Excluding Time Under the Speedy Trial Act; Order Continuing Trial Date and Excluding Time Under the Speedy Trial Act, filed 1/8/19 (dkt. no. 1213) (to 5/13/19); Eighth Stipulation and Order Continuing Trial Date and Excluding Time Under the Speedy Trial Act, filed 3/5/19 (dkt. no. 1217) (to 8/19/19); Order Granting Defendant's Motion to Continue Trial Date and Excluding Time Under the Speedy Trial Act, filed 7/19/19 (dkt. no. 1226) (to 9/16/19); Order Granting Defendant's Motion to Continue Trial Date and Excluding Time Under the Speedy Trial Act, filed 8/22/19 (dkt. no. 1237) (to 1/6/20).

On January 6, 2020, the jury selection was not held, the summoned potential jurors were discharged, and Sudbury's counsel at the time was discharged because of the complete breakdown in their communication. See Minutes - EP: Jury Selection/Jury Trial; Status conference, filed 1/6/20 (dkt. no. 1282), at PageID #: 8756. Sudbury's trial was continued to February 3, 2020. [Id. at PageID #: 8757.]

4

Further continuances were granted. <u>See</u> Ninth
Stipulation and Order Continuing Trial Date and Excluding Time
Under the Speedy Trial Act, filed 1/15/20 (dkt. no. 1289) (to
8/3/20); Order Continuing Trial Date and Excluding Time Under
the Speedy Trial Act, filed 7/10/20 (dkt. no. 1298) (to
8/24/20); Minutes, filed 7/22/20 (dkt. no. 1304), at PageID
#: 8824 (continuing the trial to 8/31/20); Tenth Stipulation and
Order Continuing Trial Date and Excluding Time Under the Speedy
Trial Act, filed 8/18/20 (dkt. no. 1312) (to 10/19/20); Eleventh
Stipulation and Order Continuing Trial Date and Excluding Time
Under the Speedy Trial Act, filed 11/13/20 (dkt. no. 1331) (to
6/7/21); Twelfth Stipulation Continuing Trial Date and Excluding
Time Under the Speedy Trial Act, filed 3/24/21 (dkt. no. 1332)
(to 11/1/21); Order Granting Defendant's Motion to Continue
Trial Date and Exclude Time Under the Speedy Trial Act, filed
10/5/21 (dkt. no. 1367) (to 3/14/22); Thirteenth Stipulation and
Order Continuing Trial Date and Excluding Time Under the Speedy
Trial Act, filed 12/16/21 (dkt. no. 1378) (to 4/25/22); Order
Granting Defendant's Oral Motion to Continue Trial Date and
Excluding Time Under the Speedy Trial Act, filed 2/25/22 (dkt.
no. 1384) (to 6/27/22).

The current trial date is September 12, 2022. <u>See</u>
<u>generally</u> Fourteenth Stipulation & Order.

I.   **Pending Appellate Proceeding**

On April 26, 2021, Sudbury filed a Motion for Relief
Under 18 U.S.C. 3504(a)(1).  [Dkt. no. 1334.]  The motion was
denied on April 16, 2021.  [Minute Order - EO: Order Denying
Defendant's Motion for Relief Under 18 U.S.C. 3504(a)(1), Filed
4/26/21 [Dkt. No. 1334], filed 6/16/21 (dkt. no. 1343) ("4/26/21
EO").]  Sudbury subsequently sought clarification of the 4/26/21
EO.  See Request for Clarification of Court's Order, filed
7/27/21 (dkt. no. 1346).  The Order Clarifying Court's Order and
Denying Reconsideration was issued on August 19, 2021 ("8/19/21
Order").  [Dkt. no. 1350.]

Sudbury filed an interlocutory appeal from the 8/19/21
Order.  See Notice of Interlocutory Appeal, filed 10/14/21 (dkt.
no. 1368).[1]  The Ninth Circuit Court of Appeals ("Ninth Circuit")
dismissed Sudbury's appeal for lack of jurisdiction because the
8/19/21 Order was "not a final judgment or an order that comes
within the collateral order doctrine."  [Order, filed 2/18/22
(dkt. no. 1381) ("2/18/22 Ninth Circuit Order"), at 1 (citations
omitted).]  The Ninth Circuit also stated: "To the extent that

---

[1] On September 8, 2021, Sudbury was granted a thirty-day
extension of his deadline to file his appeal.  See Minute Order
- EO: Court Order Granting Defendant's Motion to Extend Time to
File Interlocutory Appeal, filed 9/8/21 (dkt. no. 1354).  A
second extension was granted, extending the deadline to
October 14, 2021.  See Minute Order - EO: Court Order Granting
Defendant's Second Motion to Extend Time to File Interlocutory
Appeal, filed 10/5/21 (dkt. no. 1366).

this appeal can be construed as a petition for a writ of mandamus, the petition is denied because appellant has not shown that he is entitled to the extraordinary remedy of mandamus relief." [Id. at 1-2 (citation omitted).]  The Ninth Circuit issued its Mandate on March 14, 2022.  [Dkt. no. 1385.]

On May 19, 2022, Sudbury filed a Petition for Writ of Mandamus with the United States Supreme Court, seeking leave to file a petition for writ of mandamus or certiorari ("Petition"). See Sudbury v. United States, No. 21-8110 (U.S.), *available at* https://www.supremecourt.gov/DocketPDF/21/21-8110/227603/20220610093707133_20220610-093138-95756821-00000154.pdf.  The Supreme Court's docket sheet for the case states Sudbury's Petition has been distributed for the Supreme Court's September 28, 2022 conference.  See id., *available at* https://www.supremecourt.gov/search.aspx?filename=/docket/docket files/html/public/21-8110.html.

## II.  **The Instant Motion**

In the instant Motion, Sudbury argues the appellate proceedings raise issues that "affect [his] 'right not to be tried.'"  [Motion, Declaration of Jason Z. Say in Support of Motion at ¶ 9.]  Sudbury asks that this case be stayed, pending the resolution of the proceedings before the Supreme Court.  In the alternative, Sudbury seeks a continuance of the September 12, 2022 trial date.  [Id. at ¶¶ 7-8.]

## DISCUSSION

In the context of civil cases, several district courts within the Ninth Circuit have concluded had that the stay analysis set forth in Landis v. North American Co., 299 U.S. 248 (1936), not the stay analysis set forth in Nken v. Holder, 556 U.S. 418 (2009), applies when a court is determining whether to stay a case pending the resolution of an interlocutory appeal. See, e.g., Peck v. Cnty. of Orange, 528 F. Supp. 3d 1100, 1105-06 (C.D. Cal. 2021) (citing Kuang v. U.S. Dep't of Defense, No. 18-cv-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (collecting cases)).  In contrast, in criminal cases, district courts considering requests to stay a case pending the resolution of an interlocutory appeal have applied the Nken analysis.  See, e.g., United States v. DeFrance, CR 21-29-M-DLC, 2022 WL 3082410, at *1 (D. Mont. Aug. 3, 2022); United States v. Olivar, Case No. CV 12-09134 RGK (PJWx), 2014 WL 12707482, at *1-2 (C.D. Cal. Mar. 31, 2014).  This Court agrees that the Nken analysis is more appropriate to address the considerations that are relevant to the decision of whether to stay a criminal case pending the resolution of an interlocutory appeal.  Sudbury's request for a stay will therefore be considered under the Nken analysis.

Nken requires the consideration of the following factors:

> "(1) whether the stay applicant has made a strong
> showing that he is likely to succeed on the
> merits; (2) whether the applicant will be
> irreparably injured absent a stay; (3) whether
> issuance of the stay will substantially injure
> the other parties interested in the proceeding;
> and (4) where the public interest lies."

Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v.

Braunskill, 481 U.S. 770, 776 (1987)).

> The first two factors . . . are the most
> critical.  It is not enough that the chance of
> success on the merits be "better than
> negligible."  Sofinet v. INS, 188 F.3d 703, 707
> (CA7 1999) (internal quotation marks
> omitted). . . .  By the same token, simply
> showing some "possibility of irreparable injury,"
> Abbassi v. INS, 143 F.3d 513, 514 (CA9 1998),
> fails to satisfy the second factor. . . .

Id. at 434–35.  Sudbury has the burden of showing that the

circumstances of this case warrant a stay.  See id. at 433–34.

As to the first factor, Sudbury has not shown that he

is likely to succeed on the merits of his Petition before the

Supreme Court.  This Court concludes that, because the Ninth

Circuit has ruled that the 8/19/21 Order is neither a final

judgment nor an appealable collateral order and that Sudbury is

not entitled to the extraordinary remedy of mandamus relief, it

is unlikely that the Supreme Court will grant his Petition.

As to the second factor, Sudbury argues that he will

be irreparably injured unless this Court grants a stay because

the Supreme Court's rulings on his Petition may establish that

he has a right not to be tried.  His position is that, if he is

forced to proceed to trial, and the Supreme Court grants his Petition, there is no remedy that can compensate him for being forced to go to trial.  This argument is rejected because the Supreme Court is unlikely to grant Sudbury's Petition.

Third, the Government may be substantially injured by a stay because this case has been pending for over twelve years, and further delaying the trial may impair the Government's ability to prove its case.  Sudbury himself may be substantially injured by a stay because he has been a pretrial detainee for over six years.  His counsel indicated during a recent status proceeding that Sudbury intends to file a motion for pretrial release if a stay or a continuance is granted.  See Minutes - EP: Trial Status Hearing, filed 7/28/22 (dkt. no. 1398).  However, at this stage, this Court cannot speculate regarding whether such a motion would be granted.  Thus, it is possible that Sudbury may remain in pretrial detention during a stay.

The fourth factor also weighs against a stay.  In light of the length of time that this case has been pending and the fact that the Supreme Court is unlikely to grant Sudbury's Petition, the public interest lies in favor of an expeditious resolution to this case.  Moreover, even if the Supreme Court denies Sudbury's Petition, the substantive issues that he attempted to raise in the interlocutory appeal could still be

10

presented in a direct appeal after the entry of judgment in this case.

This Court therefore finds that all of the Nken factors weigh against a stay and that Sudbury has failed to carry his burden to show that a stay is warranted under the circumstances of this case.[2]  Sudbury's request for a stay is therefore denied.

This Court also denies the Motion's alternate request for a continuance of the September 12, 2022 trial date.  The order setting the current trial date was issued on May 31, 2022. See Fourteenth Stipulation & Order Continuing Trial Date and Excluding Time Under the Speedy Trial Act, filed 5/31/22 (dkt. no. 1397) ("Fourteenth Stipulation & Order").  Sudbury has been afforded ample time to prepare for the current trial date.  By the time the current trial date was set, Sudbury had already filed his Petition with the Supreme Court, and there are no pending deadlines or proceedings before the Supreme Court that would impair Sudbury's final preparations for trial.  This Court finds that there is no ground that warrants a continuance of the trial date.

---

[2] This Court notes that it would have reached the same result if it applied the Landis analysis.

## **CONCLUSION**

For the foregoing reasons, Sudbury's Motion to Stay District Court Proceedings Pending Resolution of Defendant's Appeal or in the Alternative Defendant's Motion to Continue Trial Date and Exclude Time Under the Speedy Trial Act, filed August 2, 2022, is HEREBY DENIED in its entirety.  Sudbury's trial will proceed as scheduled, with jury selection commencing on **September 12, 2022.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 5, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. WESLEY MARK SUDBURY; CR 10-00384(06) LEK; ORDER DENYING DEFENDANT'S MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF DEFENDANT'S APPEAL OR IN THE ALTERNATIVE DEFENDANT'S MOTION TO CONTINUE TRIAL DATE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**