UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WESLEY MARK SUDBURY,<br><br>　　　　Defendant. | CR. NO. 10-00384(06) LEK |

### ORDER: RULING REGARDING COUNT 1

　　　　This matter arises out of a criminal indictment originally filed against Defendant Wesley Mark Sudbury ("Sudbury") and several others on June 24, 2010. See Indictment, filed 6/24/20 (dkt. no. 1). A superseding indictment was filed on January 11, 2013. See First Superseding Indictment, filed 1/17/13 (dkt. no. 509) ("Superseding Indictment"). After a jury trial, Sudbury was found guilty on September 16, 2022 of Counts 1, 6 and 7 of the Superseding Indictment. See Verdict Form, filed 9/16/22 (dkt. no. 1442).

　　　　The Court, on September 21, 2022, directed the parties to submit briefing regarding Sudbury's conviction on Count 1 of the Superseding Indictment; specifically,

> to brief the issue of whether Sudbury's conviction of Count 1 should be vacated based on United States v. Mendoza, 25 F.4th 730 (9th Cir. 2022). See, e.g., Mendoza, 25 F.4th at 736 ("If we . . . see only a casual sale or purchase of

>     drugs, of a quantity consistent with personal use
>     on the part of the buyer, with no evidence of any
>     subsequent (or planned) redistribution of
>     purchased drugs, the evidence is generally
>     insufficient to support a conspiracy conviction."
>     (brackets, citation, and internal quotation marks
>     omitted)).

[Minute Order - EO: Court Order Directing the Parties to File Briefing Regarding Count 1, filed 9/21/22 (dkt. no. 1446).]

Plaintiff United States of America ("the Government") filed its brief on September 23, 2022. See United States' Brief Regarding Count 1, filed 9/23/22 (dkt. no. 1447) ("Government's Brief"). Sudbury did not file a brief addressing this issue.

The facts relevant to the issue at hand revolve around Sudbury being found guilty as charged in Count 1 of the Superseding Indictment, and that Count 1 charged Sudbury with "knowingly and intentionally conspir[ing] to manufacture, to distribute, and to possess with intent to distribute marijuana, a Schedule I controlled substance, said offense involving one-hundred (100) or more marijuana plants, as well as harvested and processed marijuana and other products containing marijuana . . . ." [Superseding Indictment at pg. 2.] In brief, the testimony at trial was that Sudbury was heard on one recorded telephone call with a co-defendant in which he agreed to sell two amounts of marijuana, the largest of these two amounts was one pound; that he told a law enforcement officer he provided marijuana to the co-defendant at a per pound amount

2

which represent the recoupment of his costs; that he had possession and control over real property where hundreds of live marijuana plants were confiscated by law enforcement when Sudbury was absent from the property; and that he offered an undercover officer a tour of his marijuana cultivation.

The issue is, as to Count 1, whether the Government was required to prove beyond a reasonable doubt that Sudbury agreed to manufacture, to distribute **and** to possess with the intent to distribute marijuana.  This Court concludes that it was not.

The Government points out that the jury was instructed that they had to find, unanimously, "that there was a plan to commit **at least one** of the crimes alleged in the indictment as an object or purpose of the conspiracy . . . ."  [Government's Brief at 6; Jury Instructions, filed 9/16/22 (dkt. no. 1439), at 23 (emphasis added).]  This language comes from the Government's proposed jury instructions and is a modified version of Ninth Circuit Model Criminal Jury Instruction No. 12.5.  See Government's Proposed Jury Instructions, filed 8/31/22 (dkt. no. 1414), at PageID.9449-51.  The "at least one of the crimes alleged in the indictment" language is in Model Instruction No. 12.5 – Conspiracy to Distribute or Manufacture.  This language – "at least one of the crimes alleged in the indictment" – also

3

appears in Ninth Circuit Model Criminal Jury Instruction No. 8.20 – the general conspiracy instruction.

In the context of a "multi-object bribery-related conspiracy," the Ninth Circuit has stated:

> In this case, the instruction given for both the multi-object bribery-related conspiracy, 18 U.S.C. § 371, and the witness tampering conspiracy, 18 U.S.C. § 1512(k), were taken from the Ninth Circuit Manual of Model Criminal Jury Instructions § 8.20.  These instructions adequately stated the law, and, taken as a whole, they were not confusing.  Contrary to Billy's argument, the instruction for the Section 371 multi-object bribery-related conspiracy adequately instructed the jury that it must unanimously agree on at least one of the conspiracy's objectives.  That instruction specifically stated that the jury "must find that there was a plan to commit **at least one** of the crimes alleged in the first superseding indictment as an object of the conspiracy **with all of you agreeing** as to the particular crime which the conspirators agreed to commit."  That instruction is more than sufficient to guide the jury.  See, e.g., United States v. Friedman, 445 F.2d 1076, 1084 (9th Cir. 1971).

United States v. Nelms, 653 F. App'x 524, 526–27 (9th Cir. 2016) (emphases in Nelms).

In sum, the reasonable inferences from the evidence supports the jury's conclusion that Sudbury was a participant in a conspiracy to manufacture marijuana and the conspiracy to possess with the intent to distribute marijuana.  While the evidence with regard to Sudbury's distribution of marijuana may be limited to two instances that could be reasonably inferred as

4

"casual sale" and thus insufficient to support a conviction for conspiracy to distribute for the reasons stated in Mendoza, 25 F.4th at 736, it is clear that the Government was required to prove beyond reasonable doubt that Sudbury agreed to "at least one of the crimes alleged in the indictment" as an object of the conspiracy, and the Government did so.  The record amply supports a finding that Sudbury manufactured marijuana in more than user quantities and/or possessed with the intent to distribute marijuana, given that over one hundred live marijuana plants were recovered from his real property.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, September 26, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES VS. WESLEY MARK SUDBURY; CR 10-00384(06) LEK;**
**ORDER: RULING REGARDING COUNT 1**